EXHIBIT A

State Court Record

Garantia, LLC v. Chenciner, Index No. 650871/2026

(Sup. Ct. N.Y. County)

Docket sheet and NYSCEF Doc. Nos. 1?40

NYSCEF
New York County Supreme Court

**Document List**
**Index # 650871/2026**

Created on:09/15/2026 10:34 AM

Case Caption: **Garantia, LLC v. John Chenciner et al**

Judge Name: **Anar R. Patel**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS AND 3213 MOTION W/ RJI | Processed | 02/12/2026 | Seidman, L. |
| 2 | NOTICE OF MOTION (Motion #001) | Processed | 02/12/2026 | Seidman, L. |
| 3 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #001) | Processed | 02/12/2026 | Seidman, L. |
| 4 | EXHIBIT(S) - A (Motion #001)<br>POF Agreement | Processed | 02/12/2026 | Seidman, L. |
| 5 | EXHIBIT(S) - B (Motion #001)<br>Promissory Note | Processed | 02/12/2026 | Seidman, L. |
| 6 | EXHIBIT(S) - C (Motion #001)<br>Chenciner Guarantee | Processed | 02/12/2026 | Seidman, L. |
| 7 | EXHIBIT(S) - D (Motion #001)<br>Ullyatt Guarantee | Processed | 02/12/2026 | Seidman, L. |
| 8 | EXHIBIT(S) - E (Motion #001)<br>Guarantees/Assignment | Processed | 02/12/2026 | Seidman, L. |
| 9 | EXHIBIT(S) - F (Motion #001)<br>Demands | Processed | 02/12/2026 | Seidman, L. |
| 10 | MEMORANDUM OF LAW IN SUPPORT (Motion #001) | Processed | 02/12/2026 | Seidman, L. |
| 11 | RJI -RE: NOTICE OF MOTION (Motion #001) | Processed | 02/12/2026 | Seidman, L. |
| 12 | ADDENDUM - COMMERCIAL DIVISION (840C) (Motion #001) | Processed | 02/12/2026 | Seidman, L. |
| 13 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #001)<br><br>Proof of Service upon John Chenciner | Processed | 02/19/2026 | Seidman, L. |
| 14 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #001)<br><br>Proof of Service upon Kathryn Ullyatt | Processed | 02/19/2026 | Seidman, L. |
| 15 | NOTICE OF REMOVAL / REMAND (POST RJI)<br>Defendants' Notice of Removal | Processed | 03/13/2026 | Gorkin, R. |
| 16 | EXHIBIT(S) - 1<br>SDNY Notice of Removal | Processed | 03/13/2026 | Gorkin, R. |
| 17 | DECISION + ORDER ON MOTION (Motion #001) | Processed | 03/17/2026 | Court User |
| 18 | NOTICE OF REMOVAL / REMAND (POST RJI) | Processed | 04/24/2026 | Court User |
| 19 | NOTICE OF PRELIMINARY CONFERENCE | Processed | 05/04/2026 | Court User |
| 20 | BRIEFING SCHEDULE<br>Stipulation and Proposed Order Setting Briefing Schedule | Processed | 05/05/2026 | Seidman, L. |

NYSCEF
New York County Supreme Court

**Document List**
**Index # 650871/2026**

Created on:09/15/2026 10:34 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 21 | STIPULATION - SO ORDERED<br>Granting Proposed Briefing Schedule | Processed | 05/06/2026 | Court User |
| 22 | COURT NOTICE | Processed | 05/06/2026 | Court User |
| 23 | ORDER - VACATING PRIOR DECISION / ORDER (Motion #001) | Processed | 05/06/2026 | Court User |
| 24 | LETTER / CORRESPONDENCE TO JUDGE<br>Status Letter | Pending | 05/13/2026 | Seidman, L. |
| 25 | STIPULATION - BRIEFING SCHEDULE<br>Stipulation and Proposed Order Amending Briefing Schedule | Processed | 05/27/2026 | Gorkin, R. |
| 26 | STIPULATION - SO ORDERED<br>Granting Proposed Briefing Schedule | Processed | 05/28/2026 | Court User |
| 27 | LETTER / CORRESPONDENCE TO JUDGE<br>Status LEtter | Pending | 06/12/2026 | Gorkin, R. |
| 28 | LETTER/CORRESPONDENCE FROM COURT (Motion #001)<br>Denying any further adjournment of briefing schedule | Processed | 06/13/2026 | Court User |
| 29 | AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #001)<br>Affirmation of John Chenciner in Support of Opposition to Plaintiff's Motion for Summary Judgment | Processed | 07/01/2026 | Gorkin, R. |
| 30 | EXHIBIT(S) - A (Motion #001)<br>Records Search | Processed | 07/01/2026 | Gorkin, R. |
| 31 | EXHIBIT(S) - B (Motion #001)<br>September 21 Mortgage | Processed | 07/01/2026 | Gorkin, R. |
| 32 | EXHIBIT(S) - C (Motion #001)<br>Olsen Purchase Agreement | Processed | 07/01/2026 | Gorkin, R. |
| 33 | MEMORANDUM OF LAW IN OPPOSITION (Motion #001) | Processed | 07/01/2026 | Gorkin, R. |
| 34 | MEMORANDUM OF LAW IN REPLY (Motion #001) | Processed | 07/15/2026 | Seidman, L. |
| 35 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #001)<br>Reply Affirmation of Peter Stern in Support of Motion for Summary Judgment in Lieu of Complaint | Processed | 07/15/2026 | Seidman, L. |
| 36 | EXHIBIT(S) - A (Motion #001)<br>True and Correct copy of Amendment No. 1 to Mortgage and Security Agreement | Processed | 07/15/2026 | Seidman, L. |
| 37 | COURT NOTICE<br>Filing on Behalf of - HON. ANAR RATHOD PATEL | Processed | 08/19/2026 | Court User |
| 38 | NOTICE OF BANKRUPTCY (POST RJI)<br>Notice of Suggestion of Bankruptcy | Pending | 09/10/2026 | Gorkin, R. |
| 39 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter respectfully requesting action proceed as to Defendant Katharine Ullyatt and that oral | Pending | 09/11/2026 | Seidman, L. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| | argume | | | |
| 40 | LETTER/CORRESPONDENCE - SO ORDERED<br>Defendant Ullyatt to file response letter, if any, no later than September 15, 2026 . | Processed | 09/14/2026 | Court User |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
GARANTIA, LLC,

Plaintiff, Index No.

-against-

JOHN CHENCINER and
KATHARINE ULLYATT,

**SUMMONS**

Defendants.
------------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANTS:

JOHN CHENCINER
36 Bow Line Drive
Naples, FL 34103

KATHLEEN ULLYATT
36 Bow Line Drive
Naples, FL 34103

**YOU ARE HEREBY SUMMONED** to answer the annexed notice of motion of summary judgment in lieu of complaint in this action and serve a copy of your answering papers on Plaintiff's undersigned attorneys no later than ten days before the return date set forth in said notice of motion. In case of your failure to appear, judgment will be taken against you by default for the relief demanded in the motion for summary judgment in lieu of complaint.

This action will be heard in the Supreme Court of the State of New York, New York County.

Dated: Wantagh, New York
February 12, 2026

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for Plaintiff

By: ______________________________

Lon J. Seidman, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
ls@lhmlawfirm.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
GARANTIA, LLC,

Plaintiff,

-against-

JOHN CHENCINER and
KATHARINE ULLYATT,

Defendants.
-------------------------------------------------------------------x

Index No.

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that, upon the annexed Affirmation of Peter Stern, dated February 11, 2026, with exhibits, and upon the accompanying Memorandum of Law, and all prior proceedings had herein, Plaintiff will move this Court in the Motions Submissions Part, in Room 130 of the Supreme Court Building, 60 Centre Street, New York, New York, at 9:30 a.m., on March 26, 2026, or as soon thereafter as counsel may be heard, for an order pursuant to Section 3213 of the Civil Practice Law and Rules, granting summary judgment in lieu of complaint and enforcing the terms and obligations of the Defendants' unconditional guarantees, together with interest, costs and expenses including Plaintiff's reasonable attorney's fees, and granting such other relief that this Court deems just and proper, upon the ground that this action is based upon instruments for the payment of money only which are now due and payable and as to which there is no defense thereto.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR 3213, answering papers, if any, shall be served upon the undersigned on or before March 16, 2026.

Dated: Wantagh, New York
February 12, 2026

**LaMONICA HERBST & MANISCALCO, LLP**
Attorneys for Plaintiff Garantia LLC

By: ______________________
Lon J. Seidman, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
ls@lhmlawfirm.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
GARANTIA, LLC,

Plaintiff,

Index No.

-against-

JOHN CHENCINER and
KATHARINE ULLYATT,

Defendants.
-------------------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT**

Peter Stern hereby affirms as follows:

1. I am the President of Express Trade Capital, Inc. ("Express"), which is an affiliate and the assignor of Plaintiff Garantia, LLC ("Garantia"). I am also the President of Garantia.

2. I submit this Affirmation in connection with Garantia's motion for summary judgment in lieu of complaint to enforce two unconditional guarantees made by the defendants that guaranteed amounts owed pursuant to a promissory note.

3. The statements contained in this Affirmation are based upon my personal knowledge of the matters described herein and the attachments to this Affirmation are records that were made and kept in the regular course of Garantia and Express's businesses, and it was the regular course of those businesses to make and keep such records.

**THE PARTIES**

4. Plaintiff is a New York limited liability company with its principal place of business in New York county.

5. Defendant John Chenciner is a resident of Florida.

6. Defendant Katharine Ullyatt is a resident of Florida.

## FACTUAL BACKGROUND

**The Commercial Financing Agreements**

7. Non-party Express and non-party Surf 9, LLC[1] are parties to a Master Purchase Order Financing Agreement dated August 22, 2014 (as amended, restated, supplemented or otherwise modified, the "POF Agreement"), and a Promissory Note dated August 1, 2023 in the principal sum of $20,000,000.00 (the "Note") True and correct copies of the POF Agreement and the Note are annexed as **Exhibits A and B.**

**The Guarantees**

8. Defendant John Chenciner executed a Guarantee dated August 22, 2014 (the "Chenciner Guarantee") irrevocably, absolutely, and unconditionally guaranteeing to Express payment when due, whether by acceleration or otherwise, of any and all "Obligations" of Surf 9, LLC, to Express.

9. In the Chenciner Guarantee, Chenciner consented to the jurisdiction of this Court to determine any matter connected to the Chenciner Guarantee. A true and correct copy of the Chenciner Guarantee is annexed as **Exhibit C**.

10. Defendant Katharine Ullyatt executed a Limited Guarantee dated September 8, 2022 (the "Ullyatt Guarantee") irrevocably, absolutely, and unconditionally guaranteeing to Express payment when due, whether by acceleration or otherwise, any and all "Obligations" of Surf 9, LLC to Express up to the principal amount of $8 million.

[1] Plaintiff is aware that Surf 9, LLC has filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York and recognizes that the automatic stay is in place. This action does not implicate the bankruptcy case as this action seeks solely to enforce Plaintiff's rights against the non-debtor Defendants under the Guarantees.

11. In the Ullyatt Guarantee, Ullyatt consented to the jurisdiction of this Court to determine any matter connected to the Ullyatt Guarantee. A true and correct copy of the Ullyatt Guarantee is annexed as **Exhibit D.**

12. The Chenciner Guarantee and the Ullyatt Guarantee are referred to collectively as the "Guarantees."

**The Assignments to Plaintiff**

13. The Guarantees were assigned to the Plaintiff Garantia. As a result, Garantia is the current owner and holder of the Guarantees. A true and correct copy of the Assignment is annexed as **Exhibit E**.

14. The Note is in default based on the failure to make payments when due.

15. Demand was made on the Defendants to pay the amounts owed under their Guarantees of the Note. True and correct copies of the demands made on the Guarantees are annexed as **Exhibit F.**

16. Defendants have failed to pay the balances owed under the Guarantees.

17. The Guarantees provide that the obligations owed under the Guarantees are unconditional.

18. The Guarantees contain a waiver of any defense to liability.

**The Defaults**

19. As of January 31, 2026, Defendant John Chenciner owes Plaintiff the sum of $21,970,666,62, exclusive of default interest, attorney's fees and costs.

20. As of January 31, 2026, Defendant Katharine Ullyatt owes Plaintiff the sum of $8,000,000.00, exclusive of default interest, attorney's fees and costs.

21. No additional performance is required by Plaintiff as a condition precedent to payment under the Guarantees.

22. All conditions precedent to the filing of this action have occurred.

I affirm this 11th day of February 2026, under penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

PETER STERN

# Exhibit A

# MASTER PURCHASE ORDER FINANCING AGREEMENT

This Master Purchase Order Financing Agreement (this "Agreement") is entered into as of August 22 2014, by and between SURF 9, LLC (the "Client"), and EXPRESS TRADE CAPITAL, INC. corporation ("Express").

## WITNESSETH

WHEREAS, Client has requested financing to purchase goods to fulfill orders from its Customers, and Express has agreed to provide such financing pursuant to the terms of this Agreement;

WHEREAS, Client has previously entered into a Factoring Agreement with Express (the "Factor") pursuant to which it sells all of its accounts receivable;

WHEREAS, the sale of goods purchased with advances made by Express will result in receivables which will be sold and assigned to the Factor;

WHEREAS, as a condition precedent to making any advances, the shareholders of the Client must guarantee all present and future obligations of the Client to Express, including all advances made hereunder, the terms of which are contained more fully in the Guarantees executed previously.

NOW, THEREFORE, in consideration of the mutual covenants herein contained and other valuable consideration, receipt of which is hereby acknowledged, the parties hereto have agreed as follows:

1. Express hereby establishes a discretionary revolving line of credit for Client's benefit, under which Express will make advances to Client or on Client's behalf from time to time to pay for the cost of goods that are pre-sold pursuant to Purchase Orders from Client's Factor-Approved Customers, along with the associated costs of freight, duties, and storage. This is not a committed line and all advances shall be made in Express' sole discretion. The aggregate amount of all unpaid advances shall be reduced by any repayments made by or on behalf of Client and shall be increased by future Advances which may be made by Express to or for the benefit of Client.

2. For the purpose of this agreement, a Purchase Order shall mean a *bona fide* binding and enforceable arms-length contract for the purchase of goods manufactured and/or distributed by Client, which has been executed and delivered by a wholesaler or retailer in the United States and which is otherwise acceptable to Express in its sole discretion. For the purpose of this agreement, a Purchase Order is Factor-Approved if the Factor has assumed the risk of loss of and insured against non-payment due to insolvency of any account receivable that shall arise from delivery of goods pursuant to the Purchase Order. Before making any advance, Express may, in its discretion, require that Client provide Express with an updated borrowing base certificate showing all open Purchase Orders along with satisfactory evidence that each Purchase Order included in the Borrowing Base is Factor-Approved.

3. Express shall make available to Client Letters of Credit to purchase goods from the Client's suppliers. For the purposes of this agreement, a Letter of Credit means a sight letter of credit issued by one of Express' (or one of its agents' or affiliates') banks for which the obligation of the issuing bank to pay drafts thereunder is, due to one or more documentary requirements chosen by Express and/or



ac

its banks, within the sole and absolute discretion and control of Express. Except as provided for herein, the issuance of a Letter of Credit shall not be considered an advance hereunder.

a. Client must pay Express, either in immediately available funds or by an advance made hereunder, for the full amount of any draft drawn against a Letter of Credit. Such payment must be received before any discrepant Letter of Credit draft is approved for payment. If Express shall at any time become liable to pay a draft under a Letter of Credit issued on Client's behalf and Express is not immediately reimbursed by Client for the amount of such liability, then Express shall have the option to make an advance hereunder in the amount of the liability.

b. If Express, in its sole discretion, decides to issue a letter of credit at Client's request where Express will have no control over payment of drafts thereunder, then Express shall be deemed to have made an advance to Client equal to the full liability amount of the letter of credit at the time the letter of credit is issued by Express' bank.

c. Client shall be responsible for all bank fees incurred by Express in connection with the Letter of Credit, including without limitation, fees incurred for issuance, negotiation, amendment, and closing of the Letter of Credit.

4. Client hereby irrevocably and unconditionally promises to repay Express in full for any and all advances made by Express to Client or on its behalf, even if the aggregate sum of advances exceeds any maximum principal amount established by Express, along with any and all other amounts that become owing hereunder or under any other agreement between Client and Express, including without limitation any commissions, fees, and/or interest that may be incurred. Client agrees to deliver a promissory note to Express, if it so requests, in an amount equal to Client's maximum indebtedness hereunder and otherwise in compliance with the terms hereof. Without giving prior notice to Client, Express shall have the right at any time to use any funds due to client under the Factoring Agreement, including advances Express may make thereunder in its discretion, to pay down advances made hereunder.

5. For each advance made by Express, Client shall pay to Express a commission equal to the greater of five hundred ($500.00) dollars or one (1.00%) percent of the amount of the advance, which obligation shall arise at the time the advance is made by Express. If an advance is not repaid within twenty days, then Client shall pay to Express an additional commission equal to the greater of two hundred fifty ($250.00) dollars or one (1.00%) percent of the then outstanding balance of the advance on the twenty-first day after the advance was made and every twenty days thereafter (on the then outstanding balance of the advance) until the advance is repaid in full (such commissions referred to hereinafter as the "Payment Commission"). Each advance must be repaid in full no later than 90 days after the date on which the advance was made. If Client fails to repay any advance within 90 days, then Client shall be deemed to be in default hereunder and shall pay a late charge on top of the standard rate equal to one quarter of one percent (0.25%) of the amount of all unpaid advances until the account becomes current.

6. Client shall ensure that the goods purchased with advances made hereunder are delivered to its customers in accordance with the terms of the applicable Purchase Orders. After delivery of the goods, Client shall promptly invoice its customers and assign the invoice pursuant to the terms of the Factoring Agreement. Failure by client to deliver any goods purchased with advances made hereunder or to properly and promptly invoice its customers for deliveries shall, at Express' option, constitute an event of default.

7. Express shall have full title to the goods purchased with the advances made hereunder until such time that the goods are delivered to Client's customers. Client, at its expense, shall at all times maintain a door-to-door cargo insurance policy that names Express as the loss payee and covers the sale price of all goods purchased with advances made hereunder.

8. To secure all advances made hereunder and all amounts owing under any other agreement between Express and Client, Client hereby grants Express a security interest in all of Client's assets, including without limitation accounts, instruments, inventory, equipment, chattel paper, contract rights, purchase orders, documents, investment property, general intangibles, deposit accounts, letter of credit rights, and property at any time in Express' possession, in each case whether currently owned or hereafter acquired by Client and whether now existing or hereafter arising (whether before, during the effectiveness of, or after the termination of this agreement) and wherever located, any security and guarantees therefor, in any goods or property represented thereby, in all of Client's books and records relating to the foregoing, and any equipment containing such books and records, in all sums of money at any time to Client's credit with Express, all of Client's present and future claims against Express under or in connection with this agreement and in all proceeds. Client further grants Express a security interest in and to all its right, title and interest in and to, all moneys and claims for moneys due or to become due to it under the Factoring Agreement, as such agreement may be amended from time to time, and under any factoring agreement that may succeed the Factoring Agreement. The security interests granted herein are in addition to the security interests that Client has previously granted Express or will grant to Express in the future.

9. Client authorizes Express to file financing statements and any and all other documents that may now or hereafter be provided for by the UCC to reflect and/or perfect any security interest now or hereafter granted by Client to Express in any of Client's presently owned or hereafter acquired property. In the event that any jurisdiction requires a debtor's signature on such financing statements and/or such other documents, Client authorizes Express to file such financing statements and/or other documents on Client's behalf as Client's attorney in fact, which such power being coupled with an interest, shall be irrevocable until this Agreement has been terminated and Client has fully and indefeasibly repaid all advances.

10. Client agrees to prepare and furnish to Express within sixty (60) days after the close of each fiscal quarter, financial statements in such form and detail as Express may reasonably require. Client also agrees to have prepared, and to furnish to Express within ninety (90) days after the close of each of fiscal years, financial statements, in accordance with GAAP, which have been reviewed by an independent certified public accountant satisfactory to Express.

11. Client agrees that it will at all times hereafter at the request of Express make, do and execute all such further acts, agreements, assurances and other documents and instruments as shall be reasonably required to enable Express to collect all sums due or to become due hereunder. Client further agrees that the rights granted herein to Express by Client are in addition to the rights that are otherwise available to Express, and that this Agreement shall be binding upon Client and its successors and assigns, and shall inure to the benefit of Express and its successors and assigns.

12. This Agreement (i) may be amended, modified or terminated only by a written instrument signed by the parties hereto and no waiver of any term or provision of this Agreement shall be effective unless it is in writing and signed by the party against whom such waiver is sought to be enforced; (ii) constitutes the entire agreement between Express and the parties hereto with respect to the subject matter hereof; and (iii) the rights and obligations of the parties hereunder shall, in all respects, be binding upon the parties hereto and their respective successors and assigns.